119 T.C. No. 16

UNITED STATES TAX COURT

JOHN MAIER III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5410-02.                    Filed November 20, 2002.

P filed a petition with the Court challenging R's administrative determination granting his former spouse relief from joint and several liability on joint returns pursuant to sec. 6015(f), I.R.C.  R moved to dismiss for lack of jurisdiction.

<u>Held</u>:  The Court will grant R's motion and dismiss this case for lack of jurisdiction on the ground that R did not issue a notice of deficiency to P, nor did R make any other determination with regard to P that would confer jurisdiction on the Court.

John Maier III, pro se.

<u>Charles Hall</u> and <u>Scott E. Fink</u>, for respondent.

## OPINION

DAWSON, Judge:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction.  As explained in detail below, we shall grant respondent's motion to dismiss.

### Background

John Maier III (petitioner) filed joint Federal income tax returns with his then wife, Judith L. Maier (Ms. Maier), for the taxable years 1990, 1991, 1992, 1993, and 1994.  The Maiers reported taxes due on their returns for the taxable years 1990, 1991, 1992, 1993, and 1994, but failed to pay all or part of such taxes.

On December 22, 1995, the Maiers executed a separation agreement.  The separation agreement addressed the Maiers' outstanding Federal and State income tax liabilities as follows:

---

[1]  Section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

SECTION NINE

PAYMENT OF JOINT DEBTS BY HUSBAND AND WIFE

All existing [debts] of the husband and wife shall remain the joint obligations of the husband and wife. The major joint debts of the parties are past due income taxes, both federal and state. These obligations, by operation of law, are joint obligations and such obligations cannot be changed from being joint obligations by the parties. Currently, the wife is paying New York State for past income taxes and the husband is making payments under a Chapter 13 plan and the Federal taxes are the priority creditor. Both the husband and wife recognize that it is in their best interest to pay all such taxes as quickly as possible. The husband and wife agree to use their best efforts to pay such taxes and to continue to make payments as set forth above. Should either party become unable to pay, the other party shall be, as a matter of law, required to pay all remaining unpaid taxes. However, any payments made by one of the parties, either voluntarily or involuntarily, shall not be reimbursed by the other party.

*       *       *       *       *       *       *

SECTION EIGHTEEN

INCOME TAX RETURNS

The parties agree that commencing with the tax year 1995 (due April 15, 1996), either party may file separately unless both parties mutually agree to file jointly. The parties agree that the husband and wife shall remain jointly responsible without contribution from the other to pay any deficiency in income taxes, federal and state, relating to the marital income of the parties for earlier years. Husband and wife shall also remain jointly liable to pay any penalty or interest arising from such income tax liability.

On December 29, 1995, a final judgment of divorce was entered and filed by the Supreme Court of New York (County of Schoharie). The Maiers' marriage was terminated pursuant to the

final judgment of divorce. The final judgment of divorce stated in pertinent part: "it is further ORDERED, ADJUDGED AND DECREED, that the Separation Agreement dated December 22, 1995, be incorporated in this decree and shall survive the same, and not be merged within it".

On December 22, 1999, Ms. Maier filed with respondent a Form 8857, Request For Innocent Spouse Relief, requesting relief from joint and several liability for the taxable years 1990, 1991, 1992, 1993, and 1994. Respondent notified petitioner that Ms. Maier had elected to claim relief from joint and several liability and invited petitioner to submit to respondent information relevant to Ms. Maier's claim. Petitioner submitted information to respondent by mail and spoke with respondent's representatives by telephone, but he was not permitted to present his position in person.

On December 11, 2001, respondent issued two letters to petitioner. In the first letter, respondent informed petitioner that Ms. Maier's claim for relief from joint and several liability for the taxable year 1990 was not considered because the period of limitations with regard to collection under section 6502 expired as to Ms. Maier on September 30, 2001. The letter also stated: "Your collection statute has been extended to April 2, 2006 because of your bankruptcy filing. You are now the sole person responsible for the repayment of the 1990 taxes." In the

second letter, respondent informed petitioner that Ms. Maier's claim for relief from joint and several liability for the taxable years 1991, 1992, 1993, and 1994 had been granted under section 6015(f).[2]

On December 24, 2001, respondent issued to petitioner a notice of change to his account for the taxable year 1990 stating that he owed $26,077.75, consisting of tax, a penalty for late payment, and interest.

On March 6, 2002, petitioner filed a petition with the Court styled "PETITION FOR DETERMINATION OF RELIEF FROM JOINT AND SEVERAL LIABILITY ON A JOINT RETURN".[3] The petition states that petitioner disagrees with respondent's determination granting Ms. Maier relief from joint and several liability for the taxable years 1990 to 1994.

In response to the petition, respondent filed a motion to dismiss for lack of jurisdiction. Respondent contends that the Court lacks jurisdiction in this case because petitioner has not filed a claim for relief from joint and several liability, respondent has not issued to petitioner a notice of deficiency

---

[2] Sec. 6015(f) provides that the Commissioner may grant a taxpayer relief from joint and several liability on a joint return if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency, and the taxpayer is not eligible for relief under subsec. (b) or (c).

[3] At the time the petition was filed, petitioner resided in Kingston, New York.

under section 6213(a), and respondent has not made any other determination with regard to petitioner that would confer jurisdiction upon the Court.

Petitioner filed an opposition to respondent's motion to dismiss.  He contends that respondent's administrative determination granting Ms. Maier relief from joint and several liability for the years 1990 to 1994 deprived him of due process of law, is contrary to section 6015(g)(2), and, absent review by this Court, he will be deprived of a judicial remedy.

Pursuant to notice, this matter was called for hearing at the Court's motions session in Washington, D.C.  Petitioner and counsel for respondent appeared at the hearing and offered argument with regard to respondent's motion to dismiss.

## Discussion

Section 6013(d)(3) provides that if a husband and wife file a joint Federal income tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."  However, section 6015(a) provides that, notwithstanding section 6013(d)(3), an individual who has made a joint return may elect to seek relief from joint and several liability on such return.  For a detailed discussion of the legislative history of section 6015 (and its predecessor section 6013), see Cheshire v. Commissioner, 115 T.C. 183, 188-189 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Sec. 7442; <u>Judge v. Commissioner</u>, 88 T.C. 1175, 1180-1181 (1987); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). Congress vested the Court with jurisdiction to review a taxpayer's election to claim relief from joint and several liability on a joint return under specified circumstances. See <u>King v. Commissioner</u>, 115 T.C. 118, 121-122 (2000); <u>Corson v. Commissioner</u>, 114 T.C. 354, 363-364 (2000). A taxpayer may seek relief from joint and several liability on a joint return by raising the matter as an affirmative defense in a petition for redetermination invoking the Court's deficiency jurisdiction under section 6213(a). See <u>Butler v. Commissioner</u>, 114 T.C. 276, 287-289 (2000). In addition, a taxpayer may file a so-called stand-alone petition seeking relief from joint and several liability on a joint return where the Commissioner has issued a final determination denying the taxpayer's claim for such relief or the Commissioner has failed to rule on the taxpayer's claim within 6 months of its filing. See sec. 6015(e)(1); <u>Mora v. Commissioner</u>, 117 T.C. 279 (2001). Finally, a taxpayer may request relief from joint and several liability on a joint return in a petition for review of a lien or levy action. See secs. 6320(c), 6330(c)(2)(A)(i).

In the instant case, Ms. Maier filed a request for relief from joint and several liability with regard to unpaid taxes that she and petitioner reported on joint returns for the taxable years 1990 through 1994. Following administrative proceedings, respondent concluded: (1) Ms. Maier was not responsible for unpaid taxes for 1990 on the ground the period of limitations on collection had expired as to her, and (2) Ms. Maier qualified for relief from joint and several liability under section 6015(f) for the years 1991 through 1994. Having apparently obtained complete relief administratively, Ms. Maier did not file a petition with the Court.[4]

The parties are in agreement that respondent has not issued a notice of deficiency to petitioner for the years in question. Therefore, petitioner cannot invoke the Court's deficiency jurisdiction under section 6213(a). There likewise is no dispute that petitioner did not file a Form 8857 requesting relief from joint and several liability for any of the years in question, nor has the Commissioner issued to petitioner a final determination denying such relief. Consequently, the petition filed herein cannot be characterized as a stand-alone petition under section

---

[4] Had respondent denied Ms. Maier's claim for relief under sec. 6015(f), she would have had the opportunity to invoke the Court's jurisdiction to review the matter under subsec. (e). See Ewing v. Commissioner, 118 T.C. 494 (2002) (holding the Court has jurisdiction to determine whether equitable relief is available to a taxpayer for underpayment of tax shown on a joint return).

6015(e)(1). Nor is there any indication that the petition was filed for the purpose of obtaining review of a lien or levy action under section 6320 or 6330.

Section 6015 does not contemplate either the action or the relief requested in the petition filed herein. In particular, section 6015(e)(1), titled "Petition For Review By Tax Court", provides in pertinent part that a petition may be filed with the Court by an "individual * * * who elects" relief from joint and several liability on a joint return. Consistent with this provision, section 6015(e)(1)(A) provides that a petition must be filed: (1) Within 90 days after the date the Secretary mails a notice of final determination of relief to the individual; or (2) if no notice of final determination is issued, no later than 6 months after the date an election is filed with the Secretary. As previously discussed, petitioner has not filed an election with respondent claiming relief from joint and several liability on a joint return. It is thus clear that petitioner does not qualify as an individual who may file a petition with the Court under section 6015(e)(1).

Section 6015(e)(4) provides direction as to the nonelecting or "other spouse". The section provides in pertinent part that the "Tax Court shall develop rules which provide the individual * * * not making the election with adequate notice and an opportunity to become a party to a proceeding". (Emphasis

added.)  Consistent with section 6015(e)(4), the Tax Court
promulgated Rule 325(b), which permits the "other individual" to
file a notice of intervention.  Reading section 6015(e) as a
whole and in conjunction with Rule 325(b), it is clear that
intervention by a nonelecting spouse presumes an existing
proceeding (i.e., a deficiency, stand-alone, or collection review
proceeding) brought by an electing spouse.  In the instant case,
there is no existing proceeding in which petitioner may
intervene.[5]

Petitioner contends that respondent's administrative
determination granting Ms. Maier relief from joint and several
liability violates the principle of res judicata embodied in
section 6015(g)(2).[6]  Petitioner also contends that respondent

---

[5]  Our holding that sec. 6015(e) does not contemplate the
present action is borne out by the host of ancillary issues that
would arise if the Court were to exercise jurisdiction.  From a
procedural standpoint, we note that sec. 6015 does not establish
a time limit within which a nonelecting spouse may file such an
action.  Along the same lines, there is no provision describing
the impact, if any, that the Court's review of such matters might
have on the rights of an electing spouse who is granted relief
from joint and several liability during the administrative
process.  We do not believe that Congress intended to cloud the
process with such uncertainty and ambiguity.

[6]  Sec. 313(a)(2)(A) of the Consolidated Appropriations Act
of 2001, Pub. L. 106-554, 114 Stat. 2763, redesignated former
subsec. (g) as subsec. (h) and inserted after subsec. (f) a new
subsec. (g) which provides in pertinent part:

SEC. 6015(g) Credits And Refunds.--

    *       *       *       *       *       *       *
                                        (continued...)

must respect the State court's final judgment of divorce under the Full Faith and Credit Clause contained in Article IV of the U.S. Constitution.  In conjunction with these arguments, petitioner avers that he should be permitted to maintain the present action as a logical extension of the Court's holdings in cases such as King v. Commissioner, supra, and Corson v. Commissioner, supra.

The cases that petitioner cites in support of the proposition that he should be permitted to maintain this action concern section 6015(h)(2) (formerly section 6015(g), see supra note 6), which provides:

> SEC. 6015(h). Regulations.--The Secretary shall prescribe such regulations as are necessary to carry out the provisions of this section, including--
>
>    *     *     *     *     *     *     *
>
>    (2) regulations providing the opportunity for an individual to have notice of, and an opportunity to participate in, any administrative proceeding with respect to an election made under subsection (b) or (c) by the other individual filing the joint return.

In Corson v. Commissioner, supra, the taxpayers filed with the

---

[6](...continued)
   (2) Res Judicata.--In the case of any election under subsection (b) or (c), if a decision of a court in any prior proceeding for the same taxable year has become final, such decision shall be conclusive except with respect to the qualification of the individual for relief which was not an issue in such proceeding.  The exception contained in the preceding sentence shall not apply if the court determines that the individual participated meaningfully in such prior proceeding.

Court a joint petition for redetermination challenging a joint notice of deficiency for the taxable year 1981. After obtaining separate counsel, the electing spouse filed an amendment to the petition asserting her entitlement to relief from joint and several liability under former section 6013(e). After both taxpayers entered into separate stipulations with the Commissioner conceding an income tax deficiency of $21,711 and the application of increased interest under section 6621(c), the Commissioner entered into a further stipulation with the electing spouse granting her relief from joint and several liability under section 6015(c). Upon learning of the second stipulation, the nonelecting spouse declined to execute a stipulated decision for submission to the Court, prompting the Commissioner to file a motion for entry of decision. In denying the Commissioner's motion, the Court stated:

> Section 6015(e)(1) is structured so that administrative consideration (or failure to rule) will precede any court action when innocent spouse status is raised in a stand alone petition. Section 6015(g)(2), in turn, contemplates an opportunity for the nonelecting spouse to participate at the administrative level. Section 6015(e)(4) then speaks of a similar chance for participation should the matter move from an administrative to a judicial forum. Hence, as a general premise, we believe that these subsections, when read together, reveal a concern on the part of the lawmakers with fairness to the nonelecting spouse and with providing him or her an opportunity to be heard on innocent spouse issues. Presumably, the purpose of affording to the nonelecting spouse an opportunity to be heard first in administrative proceedings and then in judicial proceedings is to ensure that innocent spouse relief is granted on the merits after taking into account all relevant evidence. After all, easing

the standards for obtaining relief is not equivalent to giving relief where unwarranted.

Corson v. Commissioner, 114 T.C. at 365; see Hale Exemption Trust v. Commissioner, T.C. Memo. 2001-89. Although we did not attempt to determine "the precise contours of the rights granted to a nonelecting spouse under section 6015(e)," our denial of the Commissioner's motion for entry of decision had the effect of allowing the nonelecting spouse his day in Court. Corson v. Commissioner, supra at 365.

In King v. Commissioner, supra, the Court delineated the procedures under which a nonelecting spouse would be permitted to intervene and challenge an electing spouse's claim for relief under section 6015. The circumstances in King differed from those in Corson in that, while the Commissioner issued separate notices of deficiency to the taxpayers, only the electing spouse filed a petition for redetermination with the Court. The sole issue raised in the electing spouse's petition was her claim for relief from joint and several liability under former section 6013(e). While the case was pending, Congress repealed former section 6013(e) and enacted section 6015. Thereafter, the Commissioner filed with the Court a report stating that the Commissioner concluded that the electing spouse qualified for relief under section 6015(b). The report further stated that the Commissioner believed that the nonelecting spouse should be notified of the action and be given an opportunity to participate in the proceeding. After the Court directed service of a copy of

the petition and a copy of the Court's Rule 325 on the nonelecting spouse, the nonelecting spouse filed with the Court a motion for leave to file notice of intervention (embodying notice of intervention).  The Court subsequently granted the nonelecting spouse's motion, stating:

> We hold that whenever, in the course of any proceeding before the Court, a taxpayer raises a claim for relief from joint liability under section 6015, and the other spouse (or former spouse) is not a party to the case, the Commissioner must serve notice of the claim on the other individual who filed the joint return for the year(s) in issue.  The notice shall advise such other individual of his or her opportunity to file a notice of intervention for the sole purpose of challenging the petitioning individual's entitlement to relief from joint liability pursuant to section 6015.  Such notice shall include a copy of * * * Rule 325.  The Commissioner shall at the same time file with the Court a certification of such notice or, in a stand-alone case brought under section 6015(e)(1)(A), state in the answer that such notice has been provided. See * * * Rule 324(a)(2).  Any intervention shall be made in accordance with the provisions of * * * Rule 325(b).

King v. Commissioner, 115 T.C. at 125.

The instant case differs fundamentally from Corson and King in that the electing spouse (here Ms. Maier) did not file a petition with the Court electing to claim relief under section 6015.  Ms. Maier did not file such petition with the Court because respondent granted her claim for relief under section 6015(f) at the close of the administrative process.  In light of this distinction, Corson and King do not support petitioner's contention that he should be permitted to invoke the Court's

jurisdiction for the purpose of reviewing respondent's administrative determination.

Section 6015(h)(2) contemplates that petitioner be given notice of, and the opportunity to participate in, administrative proceedings addressing Ms. Maier's election to claim relief from joint and several liability.[7]  The record shows that petitioner was notified of Ms. Maier's claim and that he was permitted to submit information to respondent relative to that claim. Although petitioner remains dissatisfied with the level of participation afforded him during the administrative process, there is no directive in section 6015, or any other statutory

---

[7]  Sec. 1.6015-6(a)(1), Income Tax Regs., provides in pertinent part:

§1.6015-6.  Nonrequesting spouse's notice and opportunity to participate in administrative proceedings.--(a) In general--(1) When the Secretary receives an election under §1.6015-2 or 1.6015-3, or a request for relief under §1.6015-4, the Secretary must send a notice to the nonrequesting spouse's last known address that informs the nonrequesting spouse of the requesting spouse's claim for relief.  The notice must provide the nonrequesting spouse with an opportunity to submit any information that should be considered in determining whether the requesting spouse should be granted relief from joint and several liability.  A nonrequesting spouse is not required to submit information under this section. * * *

(2) The Secretary must notify the nonrequesting spouse of the Secretary's final determination with respect to the requesting spouse's claim for relief under section 6015. * * *

Sec. 1.6015-6(b), Income Tax Regs., sets forth a nonexclusive list of the matters that a nonrequesting spouse might include in information submitted to the Secretary.

provision, vesting the Court with jurisdiction to review respondent's administrative determination to grant Ms. Maier relief from joint and several liability.

Petitioner contends that, absent review by the Court, he will be left without a judicial remedy. Whether petitioner truly lacks a judicial remedy or not, it is well settled that the Court may not rely on equitable considerations to expand its jurisdiction beyond the parameters established by Congress. See Commissioner v. McCoy, 484 U.S. 3, 7 (1987) (holding per curiam that the Tax Court is "a court of limited jurisdiction and lacks general equitable powers"); Healy v. Commissioner, 351 F.2d 602, 603 (9th Cir. 1965) (holding in the context of a late filing that "no matter how allegedly inequitable the situation" the Tax Court does not have the authority to excuse a taxpayer from jurisdiction requirements in the statute); Axe v. Commissioner, 58 T.C. 256, 259 (1972). To the extent that petitioner believes that he has suffered an injustice due to a flaw in the controlling statutory provisions, his recourse may be to seek a legislative remedy.

Accordingly, we shall dismiss this case for lack of jurisdiction.  To reflect the foregoing,

<u>An order will be entered granting respondent's motion to dismiss for lack of jurisdiction</u>.