T.C. Summary Opinion 2005-9


UNITED STATES TAX COURT


MILDRED L. JONES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15609-03S.          Filed January 26, 2005.


Mildred L. Jones, pro se.

Steven M. Roth, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times.

Petitioner filed a petition for judicial review of respondent's determination to deny her relief from joint and several liability under section 6015 on her jointly filed income tax returns for 1994 and 1995. The sole issue for decision is whether it was an abuse of discretion for respondent to deny petitioner's request for relief under section 6015.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When she filed her petition, petitioner was a resident of Canoga Park, California.

Petitioner and her now-deceased husband, Willie C. Jones, filed joint Federal income tax returns for taxable years 1994, 1995, and 1996. Income tax liabilities were self-assessed on the joint returns, but the taxes were not paid in full.

Petitioner's husband died on August 12, 1997. On February 3, 1998, following a notice and demand for payment, petitioner paid respondent $8,398.56. This amount was reflected in respondent's records as payment in full of petitioner's outstanding tax liabilities for 1994, 1995, and 1996.

On July 11, 2003, petitioner filed a Form 8857, Request for Innocent Spouse Relief, seeking relief from joint and several liability on her jointly filed returns for 1994, 1995, and 1996. Generally, petitioner stated that she is entitled to relief

because her late husband was responsible for the filing of their income taxes and that she is suffering from economic hardship.

On August 21, 2003, respondent issued to petitioner a Final Notice for 1994 and 1995, denying her claim for relief under section 6015 "because the taxes are fully paid and you did not file your claim within the required time period to get a refund". As of the date of trial, respondent had not issued a final determination as to petitioner's request for relief on her 1996 joint return.[1]

## Discussion

Section 6013(d)(3) provides that a husband and wife are jointly and severally liable for any tax liability arising from a joint return.  However, section 6015(a) provides that, notwithstanding section 6013(d)(3), an individual who has made a joint return may elect to seek relief from joint and several liability on such return.  Section 6015 was enacted in 1998 as part of the Internal Revenue Service Restructuring and Reform Act

---

[1] The record does not reflect that respondent issued a notice of determination with respect to the request for relief from joint and several liability for the 1996 tax year.  The petition was filed on Oct. 8, 2003, which is less than 6 months from the date of the election (July 11, 2003).  Under these circumstances, we do not have jurisdiction to consider any claim for relief for the taxable year 1996.  Sec. 6015(e)(1)(A)(i); see Maier v. Commissioner, 119 T.C. 267, 270-271 (2002), affd. 360 F.3d 361 (2d Cir. 2004).  In any event, even if petitioner's request for relief for tax year 1996 were properly at issue, her 1996 tax liability was paid in full prior to the effective date of sec. 6015, and, as discussed herein, her request for relief would be denied.

of 1998 (RRA), Pub. L. 105-206, sec. 3201(a), 112 Stat. 732. Section 6015 applies to any tax liability from a joint return arising after July 22, 1998, or any tax liability arising on or before July 22, 1998, that remains unpaid as of such date. RRA sec. 3201(g)(1), 112 Stat. 740.

Prior to the enactment of section 6015, the only avenue for relief from joint and several liability was through the former section 6013(e).[2] Section 6013(e) was repealed when section 6015 was enacted. RRA sec. 3201(e), 112 Stat. 740. For a detailed discussion of the legislative history of section 6015 and its predecessor section 6013(e), see Cheshire v. Commissioner, 115 T.C. 183, 188-189 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

In the present case, petitioner's tax liabilities for 1994 and 1995 were paid in full on February 3, 1998, which is prior to the effective date of section 6015. Consequently, petitioner is not entitled to relief under section 6015, and her sole avenue for relief is under the former section 6013(e).

Under the former section 6013(e), a claim in this Court for relief from joint liability was pleaded as an affirmative defense

---

[2] The former sec. 6013(e) provided the following four requirements: (1) A joint return was filed for the year at issue; (2) the return contained a substantial understatement of tax attributable to grossly erroneous items of the other spouse; (3) the spouse seeking relief establishes that, in signing the return, he or she did not know, and had no reason to know, of the substantial understatement; and (4) it would be inequitable to hold the spouse seeking relief liable for the substantial understatement.

in a deficiency proceeding. <u>Corson v. Commissioner</u>, 114 T.C. 354, 358 (2000); <u>Goldin v. Commissioner</u>, T.C. Memo. 2004-129; <u>Brown v. Commissioner</u>, T.C. Memo. 2002-187. There is no provision in the Internal Revenue Code which allows us to grant relief under the former section 6013(e) to a taxpayer who filed a "stand alone" petition under section 6015.[3] <u>Goldin v. Commissioner</u>, <u>supra</u>; <u>Brown v. Commissioner</u>, <u>supra</u>. While section 6015(e) vests the Court with jurisdiction to review an election for relief from joint and several liability arising from a stand alone petition, there is no equivalent provision under the former section 6013(e). See sec. 6015(e); <u>Brown v. Commissioner</u>, <u>supra</u>.

For the reasons described above, petitioner is not entitled to relief from joint and several liability for 1994 and 1995 under either section 6015 or its predecessor section 6013(e).

---

[3] A so-called stand alone petition permits the Court to review an administrative determination regarding relief from joint and several liability independent of any other proceeding (such as a deficiency proceeding or a review of a lien or levy action).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent as to taxable years 1994 and 1995, and an Order of Dismissal for Lack of Jurisdiction will be issued for taxable year 1996</u>.