# United States Tax Court

T.C. Summary Opinion 2023-6

AHMED MAREGN MOHAMED,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 22316-21S.                                    Filed March 7, 2023.

————————

Ahmed Maregn Mohamed, pro se.

*Amanda K. Bartmann*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner seeks review under section 6015(e)(1) of the Internal Revenue Service's final determination with respect to petitioner's request for innocent spouse relief under section 6015.

The sole issue for decision is whether petitioner is entitled to relief under section 6015 from liability for federal income tax for tax year 2017 (year in issue).

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

*Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and the attached Exhibits by this reference. The record consists of the Stipulation of Facts with attached Exhibits and the testimony of Ahmed Maregn Mohamed and Xiaoli Jin.

Petitioner resided in Maryland when the Petition was timely filed.

During the year in issue, petitioner was married to Zemzem Bedada. Petitioner and Ms. Bedada separated on July 18, 2018. A Judgement of Absolute Divorce was entered on January 22, 2021. The document does not address legal obligations for any taxes, interest, or penalties arising out of their jointly filed tax returns.

During the year in issue, petitioner worked as a civil engineer for at least two employers, including Sheladia Associates. Ms. Bedada worked for CVS Pharmacy. Petitioner and Ms. Bedada maintained a joint checking account from which household expenses were paid.

*Petitioner's Tax Return*

Petitioner and Ms. Bedada timely filed a joint Form 1040, U.S. Individual Income Tax Return, for the year in issue. The 2017 return as well as some returns for prior years was prepared by H&R Block. Petitioner submitted documents to H&R Block and signed the prepared return. The signed and filed return did not include petitioner's wages of $15,625 from Sheladia Associates, petitioner's unemployment compensation of $3,870, or Ms. Bedada's qualified dividends of $679 from CVS Health Corporation. The return reflected an overpayment of $12,936.

After respondent applied an overpayment credit offset of $216, a refund of $12,720 was issued to petitioner and Ms. Bedada on April 24, 2018. The total amount of the refund was deposited into their joint account. Most of this refund was used to pay household expenses. On July 6, 2018, $3,389 was transferred from the joint account to Ms. Bedada's personal bank account.

*Examination*

On February 27, 2020, respondent began review of petitioner's unreported income. On March 2, 2020, respondent assessed[2] additional tax of $5,602.

On March 13, 2020, petitioner requested innocent spouse relief for the year in issue by filing Form 8857, Request for Innocent Spouse Relief. Petitioner indicated that he had not reviewed the tax return before it was filed and that a mistake had been made by the preparer. Petitioner also indicated that he had knowledge of Ms. Bedada's income as a "W–2" and a "health-related benefit." On June 1, 2021, respondent made a final determination denying innocent spouse relief on the basis of petitioner's failure to meet the requirements of section 6015(b), (c), or (f). A determining factor that weighed against relief for petitioner was that he had actual knowledge of the portion of the understatement of tax that was attributable to Ms. Bedada.

On May 21, 2020, Ms. Bedada also requested innocent spouse relief for the year in issue. On November 27, 2021, she was granted relief for the year in issue under section 6015(c). This determination was made on the basis that most of the understatement of tax was attributable to the erroneous items of petitioner with whom she filed the joint return and that she did not have actual knowledge of the omitted income items attributable to petitioner.

On April 15, 2021, the overpayment from tax year 2020 was offset by $2,633 and applied to the underpayment for the year in issue.

On June 21, 2021, petitioner filed the Petition with this Court.

As of August 3, 2022, petitioner's IRS account transcript reflects a balance due account status as "currently not collectible - not due to hardship."

*Discussion*

Married taxpayers may elect to file a joint federal income tax return. § 6013(a). If a joint return is made, generally each spouse is jointly and severally liable for the entire tax due on their aggregate income for that year. § 6013(d)(3). In certain circumstances, however,

---

[2] The record does not reveal the basis for the assessment. There is no indication nor any assertion by petitioner that the assessment was improper.

section 6015 allows a spouse to obtain relief from joint and several liability. § 6015(a). Under section 6015(a), a spouse may seek relief from joint and several liability under section 6015(b) or, if eligible, may allocate liability according to provisions set forth in section 6015(c). Petitioner is not entitled to relief under section 6015(b) or (c) because he had actual knowledge of the items giving rise to the liability. *See* § 6015(b)(1)(C), (c)(3)(C); *see also Cheshire v. Commissioner*, 115 T.C. 183 (2000), *aff'd*, 282 F.3d 326 (5th Cir. 2002). If a taxpayer does not qualify for relief under section 6015(b) or (c), the taxpayer may seek equitable relief under section 6015(f). *See Porter v. Commissioner*, 132 T.C. 203, 206 (2009).

A taxpayer may seek relief from joint and several liability by raising the matter as an affirmative defense in a petition for redetermination of a deficiency or, as in this case, by filing a standalone petition challenging the Commissioner's final determination denying the taxpayer's claim for such relief (or his failure to rule on the taxpayer's claim within six months of its filing). *See* § 6015(e)(1); *Maier v. Commissioner*, 119 T.C. 267, 270–71 (2002), *aff'd*, 360 F.3d 361 (2d Cir. 2004).

In determining whether a taxpayer is entitled to relief under section 6015(b), (c), or (f), we apply a de novo standard of review and our scope of review is limited to the "administrative record established at the time of the determination, and . . . any additional newly discovered or previously unavailable evidence." *See* § 6015(e)(7); *see also Thomas v. Commissioner*, No. 12982-20, 160 T.C. (Feb. 13, 2023); *Porter*, 132 T.C. at 210; *Soler v. Commissioner*, T.C. Memo. 2022-78, at *5–6. Petitioner generally bears the burden of proving that he is entitled to equitable relief under section 6015(f). *See* Rule 142(a)(1); *see also Porter*, 132 T.C. at 210.

I.     *Section 6015(f) Equitable Relief*

As indicated, petitioner does not qualify for relief under section 6015(b) or (c), and we consider whether he is entitled to equitable relief under section 6015(f). As directed by section 6015(f), the Commissioner has prescribed procedures to determine whether a requesting spouse is entitled to equitable relief from joint and several liability. Those procedures are set forth in Rev. Proc. 2013-34, § 4, 2013-43 I.R.B. 397, 399–403. Although the Court is not bound by the eligibility guidelines set forth in Rev. Proc. 2013-34, the Court considers those factors when reviewing a taxpayer's claim for relief under section 6015(f). *See Pullins*

*v. Commissioner*, 136 T.C. 432, 438–39 (2011); *Pocock v. Commissioner,* T.C. Memo. 2022-55, at \*14. Ultimately the Court's determination rests on an evaluation of all the facts and circumstances. *See Porter*, 132 T.C. at 210.

A.    *Threshold Conditions*

There are several threshold conditions that the requesting spouse must satisfy to be considered for equitable relief:  (1) a joint return was filed for the year(s) in issue; (2) the tax liability from which the requesting spouse seeks relief is attributable in full or in part to an item of the nonrequesting spouse; (3) relief is not available to the requesting spouse under section 6015(b) or (c); (4) no assets were transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse did not transfer disqualified assets (as defined by section 6015(c)(4)(B)) to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent joint return; and (7) the claim for relief is timely filed.  Rev. Proc. 2013-34, § 4.01, 2013-43 I.R.B. at 399–400.

While 97%[3] of the liability is attributable to petitioner and does not satisfy the threshold conditions, approximately 3% of the liability is attributable to Ms. Bedada.  As petitioner satisfies the other threshold conditions, we will consider whether petitioner is entitled to equitable relief under section 6015(f) as to the 3% portion of the liability attributable to Ms. Bedada.

B.    *Equitable Factors*

If a requesting spouse is not eligible for streamlined relief,[4] we will next and finally consider the request for relief, taking into account

---

[3] The total amount of unreported income was $20,174.  The amount attributable to petitioner is $19,495, approximately 97% of the total unreported income.  The amount attributable to Ms. Bedada is $679, approximately 3% of the total unreported income.

[4] Once a taxpayer has satisfied the threshold conditions, the Court will consider whether the requesting spouse is eligible for streamlined relief.  Streamlined determinations granting equitable relief under section 6015(f) are available if the requesting spouse can establish that he or she (1) is no longer married to the nonrequesting spouse; (2) would suffer economic hardship if relief were not granted; and (3) lacked knowledge or reason to know of the understatement at the time the return at issue was signed.  Rev. Proc. 2013-34, § 4.02, 2013-43 I.R.B. at 400.  Petitioner is not entitled to streamlined relief because he had knowledge or reason to

all the facts and circumstances. Rev. Proc. 2013-34, § 4.03(2), 2013-43 I.R.B. at 400–03, sets forth the following seven nonexclusive factors to be considered in determining whether, taking into account all facts and circumstances, equitable relief under section 6015(f) should be granted: (1) the current marital status of the spouses; (2) whether the requesting spouse will suffer economic hardship if relief is not granted; (3) whether the requesting spouse knew or had reason to know of the item giving rise to the understatement; (4) whether either spouse has a legal obligation to pay the outstanding federal income tax liability; (5) whether the requesting spouse significantly benefited from the understatement; (6) whether the requesting spouse has made a good faith effort to comply with income tax laws in the years following the year for which relief is sought; and (7) whether the requesting spouse was in poor mental or physical health when the return at issue was filed, when the request for relief was made, or at the time of trial.

II.    *Analysis*

In making a determination under section 6015(f), the Court considers the enumerated factors as well as any other relevant facts. No single factor is dispositive, and "[t]he degree of importance of each factor varies depending on the requesting spouse's facts and circumstances." Rev. Proc. 2013-34, § 4.03(2), 2013-43 I.R.B. at 400; *see Pullins*, 136 T.C. at 448; *Hall v. Commissioner*, T.C. Memo. 2014-171, at *38.

A.    *Marital Status*

If the requesting spouse is no longer married to the nonrequesting spouse, this factor will weigh in favor of granting relief. *See* Rev. Proc. 2013-34, § 4.03(2)(a), 2013-43 I.R.B. at 400. If the requesting spouse is still married to the nonrequesting spouse, this factor is neutral. *Id.*

Petitioner and Ms. Bedada separated in 2018 and officially divorced in 2021. This factor favors petitioner.

B.    *Economic Hardship*

Economic hardship exists if satisfaction of the tax liability, in whole or in part, would result in the requesting spouse's being unable to meet his reasonable basic living expenses. Rev. Proc. 2013-34, § 4.03(2)(b), 2013-43 I.R.B at 401. Where the requesting spouse's income

---

know of the understatement when the return at issue was signed, as he was aware of the income item of Ms. Bedada.

is below 250% of the federal poverty guidelines, this factor will weigh in favor of relief, unless the requesting spouse has assets out of which he can make payments towards the tax liability and still adequately meet his reasonable basic living expenses. *Id.* If denying relief from joint and several liability will not cause the requesting spouse to suffer economic hardship, this factor will be neutral. *Id.*

Petitioner has been granted currently not collectible status for tax year 2017 as of October 23, 2021. There is nothing in the record from which to conclude that denying relief would cause economic hardship. This factor is neutral.

### C. *Knowledge or Reason to Know*

If the requesting spouse knew or had reason to know of the items giving rise to the understatement when the return was filed, this factor will weigh against relief. Rev. Proc. 2013-34, § 4.03(2)(c), 2013-43 I.R.B. at 401–02. If the requesting spouse did not know or have reason to know of the understatement, this factor will weigh in favor of relief. *Id.* Actual knowledge of the item giving rise to the understatement or deficiency will not be weighted more heavily than any other factor. *Id.*

Petitioner knew of the item giving rise to the understatement when he was assisted by H&R Block in preparing the return and when it was filed. Although petitioner testified credibly that he made a mistake in not reviewing the return carefully, he knew of the income item when the return was filed. This factor favors respondent.

### D. *Legal Obligation*

This factor will favor relief where the nonrequesting spouse has the sole obligation to pay an outstanding federal tax liability pursuant to a divorce decree or other legally binding agreement. Rev. Proc. 2013-34, § 4.03(2)(d), 2013-43 I.R.B. at 402. This factor is neutral where both spouses have such an obligation, or the divorce decree or agreement is silent as to any such obligation. *Id.*

The divorce decree is silent as to legal obligation to pay any taxes, interest, or penalties arising from petitioner and Ms. Bedada's jointly filed tax returns. This factor is neutral.

E.     *Significant Benefit*

Significant benefit is any benefit in excess of normal support. Rev. Proc. 2013-34, § 4.03(2)(e), 2013-43 I.R.B. at 402. If the requesting spouse has received a significant benefit, enjoying the "benefits of a lavish lifestyle, such as owning luxury assets and taking expensive vacations," this factor weighs against relief. *Id.* If the amount of unpaid tax or understatement was small such that neither spouse received a significant benefit, this factor is neutral. *Id.* Whether the amount of unpaid tax or understatement is small such that neither spouse received a significant benefit will vary depending on the facts and circumstances of each case. *Id.*

There is no indication that petitioner or Ms. Bedada lived a lavish lifestyle. The record demonstrates that funds from the joint account were used to pay their household expenses. While the Court notes there was a wire transfer from the joint account to Ms. Bedada's personal account, we do not view this as significant. Since neither spouse received a significant benefit, this factor is neutral.

F.     *Compliance with Income Tax Laws*

This factor weighs in favor of relief if the requesting spouse is in compliance with the income tax laws for taxable years after being divorced from the nonrequesting spouse. Rev. Proc. 2013-34, § 4.03(2)(f)(i), 2013-43 I.R.B. at 402. If the requesting spouse is not in compliance, this factor will weigh against relief, unless he made a good faith effort to comply with the tax laws but was unable to fully comply. *Id.*

Petitioner is in compliance with the income tax laws and was placed in currently not collectible status not due to hardship. This factor favors petitioner.

G.     *Mental or Physical Health*

If the requesting spouse was in poor mental or physical health when the return was filed or when he requested relief, this factor will weigh in favor of relief. Rev. Proc. 2013-34, § 4.03(2)(g), 2013-43 I.R.B. at 403. The Court also considers a taxpayer's mental and physical health at the time of trial. *See Pullins*, 136 T.C. at 454; *Bell v. Commissioner*, T.C. Memo. 2011-152.

Petitioner does not assert nor is there anything in the record that would indicate that he was in poor mental or physical health when the return was filed, when he requested relief, or at the time of trial. This factor is neutral.

*Conclusion*

The Court evaluates all of the relevant facts and circumstances to reach a conclusion and no single factor is dispositive. *See Pullins*, 136 T.C. at 448. After weighing the factors and considering the facts and circumstances, the Court is unable to conclude that it would be inequitable to hold petitioner liable for the tax liability. Petitioner had knowledge of the item giving rise to the unreported income before signing the return. Therefore, petitioner is not entitled to relief under section 6015(b), (c), or (f).

We have considered all arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*