T.C. Memo. 2001-89


UNITED STATES TAX COURT


HALE EXEMPTION TRUST, SHARON HALE, TRUSTEE, AS SURVIVOR TO THOMAS
W. HALE, DECEASED, AND SYLVIA L. JOHNSON, f.k.a. SYLVIA L. HALE,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 30045-88.                    Filed April 11, 2001.


<u>Mark F. Ornellas</u>, for petitioner Sylvia L. Johnson.

<u>David Esquibias</u>, for petitioner Sharon Hale.

<u>David Jojola</u> and <u>Thomas L. Fenner</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Respondent moves the Court for entry of
decision.  We must decide whether in the circumstances of this
case the Internal Revenue Service Restructuring and Reform Act of
1998 (RRA), Pub. L. 105-206, sec. 3201, 112 Stat. 685, 734,
allows a nonelecting spouse to seek judicial review of

respondent's determination to grant the electing spouse relief from joint liability on a joint return. We hold it does.

Unless otherwise indicated, section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Thomas Hale (Thomas) and Sylvia Hale (Sylvia) (collectively the Hales) filed joint Federal income tax returns for 1979 and 1980. The Hales separated in 1978 and divorced in 1981. Respondent mailed a notice of deficiency to the Hales on August 19, 1988. That notice determined tax deficiencies of $44,017 and $21,657 for 1979 and 1980, respectively and additions to tax under section 6653(a) of $2,197 and $1,074 for 1979 and 1980, respectively. On November 21, 1988, the Hales petitioned the Court for redetermination of these deficiencies and additions to tax. The Hales resided in California when their petition was filed. Thomas died in 1994, and the Court substituted the Hale Exemption Trust, Sharon Hale, Trustee (the successor in interest to Thomas), for Thomas as a party in this proceeding.

On July 10, 1998, Sylvia, now represented by separate counsel, moved the Court to amend the petition to assert her entitlement to relief under former section 6013(e). The Court granted Sylvia's motion on July 17, 1998.

In September 1998, Sylvia and respondent entered into a stipulation resolving all issues with respect to Sylvia except Sylvia's entitlement to relief from joint liability on the joint returns. The settlement stated: "Without considering the innocent spouse provisions of § 6013(e), there are deficiencies in income tax due from Ms. Johnson for the taxable years 1979 and 1980 in the amounts of $44,017 and $21,657, respectively." The stipulation further provided that Sylvia was not liable for additions to tax under section 6653(a) for 1979 and 1980. It further provided:

> Without considering the innocent spouse provisions of I.R.C. § 6013(e), $44,017 and $21,657 of the deficiencies in tax due from Ms. Johnson for the taxable years 1979 and 1980, respectively, are substantial underpayments attributable to tax motivated transactions, for purposes of computing the interest payable with respect to such amounts, pursuant to I.R.C. § 6621(c).

On July 22, 1998, the RRA was enacted. The statute, among other things, revised and expanded the relief from joint liability available to spouses filing joint returns. The relevant provisions of the RRA generally apply to any liability for tax arising after July 22, 1998, and any liability for tax arising on or before that date and remaining unpaid on that date.

On November 18, 1998, except for the provisions relating to relief from joint liability, an identical stipulation was filed in regard to the Hale Exemption Trust.

On May 1, 2000, the Court filed a second stipulation of

settlement between Sylvia and respondent.  That settlement provided that after the application of section 6015(c) there was no deficiency due from or overpayment due to Sylvia for 1979, and that the provisions of section 6621(c), formerly section 6621(d), were not applicable to Sylvia for 1979.  It further provided that no relief was granted pursuant to section 6015(c) for 1980 and that the original stipulation of settlement still applied.

Sharon Hale refused to sign a stipulated decision based on the second stipulation of settlement between Sylvia and respondent and the previous stipulation between the Hale Exemption Trust and respondent.

## Discussion

We have previously analyzed the effect of the enactment of section 6015 on the prior law under section 6013(e).  See King v. Commissioner, 115 T.C. 118 (2000); Corson v. Commissioner, 114 T.C. 354 (2000); Charlton v. Commissioner, 114 T.C. 333 (2000); Fernandez v. Commissioner, 114 T.C. 324 (2000); Butler v. Commissioner, 114 T.C. 276 (2000).  We need not reiterate that analysis here.

Sharon Hale's objection to respondent's motion for entry of decision is that section 6015 altered the prior law and that section 6015 gives her the right to contest respondent's determination to grant section 6015 relief to the electing spouse in this Court.  Sharon Hale finds such a right in section

6015(e)(4).  She argues that in the circumstances of this case section 6015(e)(4) manifests Congress' intent for the nonelecting spouse to become a "full player" in the process of determining whether relief from liability on a joint return should be granted.

There are two primary jurisdictional bases for this Court to review a claim for relief from joint and several liability. First, a claim may be raised as an affirmative defense in a petition for redetermination of a deficiency filed pursuant to section 6213(a).  See Charlton v. Commissioner, supra; Butler v. Commissioner, supra.  In a deficiency proceeding, we take into account all the facts and circumstances relevant to ascertaining the correct amount of the deficiency, including affirmative defenses.  See secs. 6213 and 6214; Butler v. Commissioner, supra at 287; Woods v. Commissioner, 92 T.C. 776, 784-785 (1989); Naftel v. Commissioner, 85 T.C. 527, 533 (1985).  Relief from joint liability on a joint return has traditionally been characterized as an affirmative defense, and passage of the RRA has not altered our authority to hear it as such.  See Butler v. Commissioner, supra.

The second jurisdictional basis is found in section 6015(e). This section enables an electing spouse to petition for review of an administrative determination regarding relief from liability, or failure to make a determination, as a "stand alone" matter

independent of any deficiency proceeding. <u>Fernandez v. Commissioner</u>, <u>supra</u> at 329.

Here, Sylvia's claim for relief from joint liability was raised as an amendment to the petition for deficiency redetermination. No subsequent filing was made to substitute a claim for relief under section 6015 for the section 6013(e) claim; the parties apparently assumed that the issue was still properly before the Court. In such circumstances, we will treat Sylvia's request for relief under 6013(e) as a request for relief under section 6015(c) and treat the petition as so amended. See Rule 41(b); <u>Corson v. Commissioner</u>, <u>supra</u> at 363-364; <u>Charlton v. Commissioner</u>, <u>supra</u> at 338-339. We consider Sylvia's claim within the framework of our traditional deficiency jurisdiction.

As a threshold matter, we note that "All concessions, including stipulated settlement agreements, are subject to the Court's discretionary review" and may be rejected in the interests of justice. <u>McGowan v. Commissioner</u>, 67 T.C. 599, 607 (1976). In the interests of justice, it is highly desirable that identical issues that are before a single tribunal receive identical treatment. We believe that the interests of justice would be ill served if the rights of the nonelecting spouse were to differ according to the jurisdictional predicate for the claim for section 6015 relief.

In a stand-alone proceeding brought under section 6015(e)

the nonelecting spouse is allowed to participate at the administrative level. See sec. 6015(g)(2). After a determination is made (or the Commissioner fails to make a determination), the nonelecting spouse is given an opportunity to participate in the judicial review of the determination. See sec. 6015(e)(4). When these provisions are read together, they reveal Congress' concern with providing procedural fairness to the nonelecting spouse by allowing him or her the opportunity to be heard on whether relief from joint liability should be granted. See Corson v. Commissioner, supra at 365. Presumably, the purpose of affording the nonelecting spouse an opportunity to be heard first in administrative proceedings and then in judicial proceedings is to ensure that relief from joint liability is granted on the merits after taking into account all relevant evidence. See id.; see also King v. Commissioner, supra.

While this case arises under our deficiency jurisdiction, we are of the opinion that the nonelecting spouse should have the same rights to participate in the judicial review as their stand-alone counterparts under our section 6015(e) jurisdiction enjoy. The jurisdictional predicate giving rise to the issue of section 6015 relief should not determine the rights of the nonelecting spouse to participate in the judicial review of Commissioner's determinations. See Corson v. Commissioner, supra at 364.

Here, as in <u>Corson</u>, we hold that Sharon Hale, as Thomas' successor in interest, is entitled to participate in the judicial review of the decision granting relief to Sylvia under section 6015(c). To grant respondent's motion would effectively preclude the nonelecting spouse's right to participate in the judicial review of respondent's determination. We will, therefore, deny respondent's motion to enter a decision. To reflect the foregoing,

<u>An appropriate order will be issued</u>.