John MAIER, III, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

Docket No. 03–4509.

United States Court of Appeals,
Second Circuit.

Argued Dec. 12, 2003.

Decided Feb. 26, 2004.

John Maier, III, pro se, Kingston, NY, for Petitioner–Appellant.

Rachel I. Wollitzer, Department of Justice, Tax Division (Eileen J. O'Connor, Assistant Attorney General, Thomas J. Clark, Department of Justice, Tax Division, on the brief), Washington, DC, for Respondent–Appellee.

Before: WALKER, Chief Judge, OAKES and KATZMANN, Circuit Judges.

John M. WALKER, Jr., Chief Judge:

Petitioner-appellant John Maier, III ("appellant") appeals the dismissal of his petition for want of jurisdiction by the United States Tax Court (Howard A. Dawson, Jr., *Judge* ). Appellant argues that the Tax Court improperly refused to hear his petition for review of the determination of the Internal Revenue Service ("IRS") that his former spouse was innocent of joint and several tax liability under 26 U.S.C. § 6015(f) for their joint filings in various years before their divorce. Appellant contends that because their New York divorce decree required that he and his former spouse remain liable on all taxes due, the IRS should not have granted relief. We conclude that the Tax Court did not have jurisdiction to hear appellant's petition and, therefore, affirm its decision to dismiss. Moreover, this court does not have jurisdiction to hear a collateral consti-tutional attack on the statutory scheme that circumscribes the Tax Court's jurisdiction. *See Comm'r v. McCoy,* 484 U.S. 3, 6, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987).

## I. BACKGROUND

We assume some familiarity with the facts and reasoning of the Tax Court, detailed by the opinion below. *See Maier v. Comm'r,* 119 T.C. 267, 2002 WL 31600008 (2002). In short, appellant and his former spouse owed a series of outstanding tax liabilities jointly and severally for various joint filings during their marriage. When they agreed to separate on December 22, 1995, they addressed the issue of their tax liabilities, in relevant part, as follows:

> All existing [joint debts] of the husband and wife shall remain the joint obligations of the husband and wife. The major joint debts of the parties are past due income taxes, both federal and state. These obligations, by operation of law, are joint obligations and such joint obligations cannot be changed from being joint obligations by the parties.... Should either party become unable to pay, the other party shall be, as a matter of law, required to pay all remaining unpaid taxes. However, any payments made by one of the parties, either voluntarily or involuntarily, shall not be reimbursed by the other party.

The foregoing terms of the separation agreement were incorporated into the Maiers' divorce decree on December 29, 1995.

In apparent defiance of this agreement, Ms. Maier filed with the IRS a Form 8857, Request For Innocent Spouse Relief, petitioning for relief from her joint and several liability for the taxable years 1990–1994. The IRS subsequently notified Mr. Maier of Ms. Maier's filing, took submissions from him, and spoke with him on the telephone; however, he was not given an opportunity to present his position in person.

Through this process, Mr. Maier was able to bring the relevant terms of the 1995 separation agreement and the divorce decree to the attention of the IRS.

On December 11, 2001 the IRS granted Ms. Maier relief for the taxable years 1991–1994 under 26 U.S.C. § 6015(f), an equitable relief provision. The IRS credited electing spouse Ms. Maier's contention, disputed by Mr. Maier, that "she and Mr. Maier had a[ ] [subsequent] agreement where she would pay off the state [tax debts] and he was to pay the federal [tax debts]." On March 6, 2002, Mr. Maier, as the non-electing spouse, filed a petition with the Tax Court appealing this IRS determination. The Tax Court dismissed Mr. Maier's appeal for lack of jurisdiction, and this appeal followed. At no time has the IRS issued a notice of deficiency against either of the Maiers.

## II. DISCUSSION

 The Tax Court's interpretation of federal statutes, including statutes delimiting the scope of its own jurisdiction, are reviewed *de novo*. *See Nat'l Life Ins. Co. v. Comm'r*, 103 F.3d 5, 7 (2d Cir.1996). There is no quarrel that the Tax Court is a court of limited jurisdiction that possesses only those powers expressly conferred upon it by Congress; it may exercise jurisdiction only pursuant to specific legislative enactments. *See McCoy*, 484 U.S. at 7, 108 S.Ct. 217; *Moretti v. Comm'r*, 77 F.3d 637, 642 (2d Cir.1996); *Belloff v. Comm'r*, 996 F.2d 607, 611 (2d Cir.1993). In our review, this court's duty "is to consider whether the Tax Court committed error. Plainly, the court of appeals lacks jurisdiction to decide an issue that was not the subject of the Tax Court proceeding or to grant relief that is beyond the powers of the Tax Court itself." *McCoy*, 484 U.S. at 6, 108 S.Ct. 217 (construing 26 U.S.C. § 7482(a) & (c)(1)).

 Accordingly, we are presented here with the narrow question of whether the statutory scheme of 26 U.S.C. § 6015 provides the Tax Court with jurisdiction over a petition for review by the non-electing spouse (i.e., the spouse who does not claim innocent spouse status) from an agency § 6015(f) ruling favorable to the electing spouse. This case does not, however, present the issue of whether § 6015 provides for Tax Court jurisdiction over an appeal by an electing spouse from an adverse IRS determination under § 6015(f).[1]

---

1. The Tax Court assumed that it would have had jurisdiction if the electing spouse had appealed from an adverse IRS determination under § 6015(f), the equitable relief provision. Indeed, the Tax Court has so held in other cases. *See Ewing v. Comm'r*, 118 T.C. 494, 2002 WL 1150775 (2002); *see also Butler v. Comm'r*, 114 T.C. 276, 2000 WL 502841 (2000); *Fernandez v. Comm'r*, 114 T.C. 324, 2000 WL 565108 (2000). The Court of Federal Claims has also endorsed the Tax Court's position. *See Flores v. United States*, 51 Fed. Cl. 49, 51 n. 1 (2001) (adopting the reasoning of *Butler*). And two courts of appeals have assumed jurisdiction over such petitions even though they did not focus on the possibility that the statute might preclude judicial review. *See Cheshire v. Comm'r*, 282 F.3d 326, 338 (5th Cir.2002); *Mitchell v. Comm'r*, 292 F.3d 800, 806–08 (D.C.Cir.2002). But the question of the jurisdiction of the Tax Court in the case of an electing spouse's petition for review of an IRS determination under § 6015(f) when the court does not already have deficiency jurisdiction is not free from doubt; only petitions to review IRS determinations under subsections (b) and (c) are expressly enumerated in § 6015(e) and (h). *See In re French*, 255 B.R. 1, 2 (Bankr.N.D.Ohio 2000) ("Congress chose to exclude from judicial review the issue of whether a taxpayer is entitled to equitable relief under § 6015(f).").

Resolution of the question of Tax Court jurisdiction over electing spouse petitions for review in these circumstances is unnecessary to this appeal because a holding that no jurisdiction exists to hear a petition for review of a subsection (f) determination by an electing spouse could only reinforce our conclusion of

Instead, the case focuses us on the possibility of such an appeal by the non-electing spouse. Because we cannot read § 6015 any other way than to preclude jurisdiction, and because our judicial role does not permit us to rewrite legislation, we agree with the Tax Court that it is without jurisdiction to entertain Mr. Maier's appeal. We briefly explain our holding.

At issue in this case are the rights afforded to non-electing spouses in administrative and Tax Court innocent spouse determinations. Section 6015(e) is unambiguous about who may file petitions for review with the Tax Court, the very action Mr. Maier, a non-electing spouse without a notice of deficiency, undertook here. The first, most general subsection of § 6015(e), entitled "Petition for review by Tax Court," reads, in relevant part: "In the case of an individual ... *who elects* to have [innocent spouse provisions] apply[,] ... the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available ..." 26 U.S.C. § 6015(e)(1)(A) (emphasis added). Nowhere in § 6015, or any other congressional act, is the Tax Court given jurisdiction over petitions for review filed by non-electing spouses; under § 6015(e)(1)(A), only an individual making the election is afforded the right of petitioning for review with the Tax Court.

Section 6015(e)(4), entitled, "Notice to other spouse," further reinforces that the non-electing spouse cannot independently invoke the jurisdiction of the Tax Court. In relevant part, it reads: "The Tax Court shall establish rules which provide the individual filing a joint return but not making the election ... with adequate notice and an opportunity to become a party to a

proceeding ...." 26 U.S.C. § 6015(e)(4). This provision plainly contemplates a pre-existing proceeding to trigger the notice and related rights of the non-electing spouse. There is no provision anywhere in § 6015 for a Tax Court proceeding other than one commenced by the electing spouse.

Finally, § 6015(h) confirms the same conclusion. Subsection (h) authorizes and instructs the Secretary to "prescribe such regulations as are necessary to carry out the provisions of this section, including ... regulations providing the opportunity for an individual to have notice of, and an opportunity to participate in, any administrative proceeding with respect to an election made ... by the other individual filing the joint return." 26 U.S.C. § 6015(h)(2). Read together, § 6015(e) and § 6015(h)(2) provide that the non-electing spouse has a right to intervene in a proceeding properly before the Tax Court, while the non-electing spouse only has a right to participate before the agency; in either case, notice must be provided. But nowhere in § 6015 is the Tax Court conferred with the jurisdiction (if it did not have it already through its deficiency jurisdiction) to hear a non-electing spouse's petition for review of an innocent spouse determination by the IRS.

■ Nor can Tax Court precedent be read to alter this statutory scheme. Unlike in *Corson v. Commissioner*, 114 T.C. 354, 2000 WL 637480 (2000), *King v. Commissioner*, 115 T.C. 118, 2000 WL 1131914 (2000), and *Hale Exemption Trust v. Commissioner*, 81 T.C.M. (CCH) 1507 (2001), in this case, jurisdiction was not already conferred on the Tax Court by a petition for redetermination of a deficiency filed

no jurisdiction as to the non-electing spouse. If the *electing* spouse cannot get statutory judicial review of the IRS's discretionary de-

termination, then, *a fortiori*, the non-electing spouse cannot either.

pursuant to 26 U.S.C. § 6213(a). We recognize that in *Hale Exemption Trust*, the Tax Court stated that "[t]he jurisdictional predicate giving rise to the issue of [§ ] 6015 relief should not determine the rights of the non[-]electing spouse to participate in the judicial review of [the] Commissioner's determinations." 81 T.C.M. (CCH) 1507; *see also Corson*, 114 T.C. 354, 2000 WL 637480 ("Principally, we believe that the interests of justice would be ill served if the rights of the non[-]electing spouse were to differ according to the procedural posture in which the issue of relief under [§ ] 6015 is brought before the Court. Identical issues before a single tribunal should receive similar treatment."). The Tax Court in these cases, however, was not interpreting the scope of the jurisdiction conferred by § 6015; it was instead concerned with the participatory rights of non-electing spouses in deficiency cases in which the Tax Court unquestionably had jurisdiction. To the extent that any Tax Court dicta contradicts our ruling, we note that "[w]e owe no deference to the Tax Court's statutory interpretations, its relationship to us being that of a district court to a court of appeals, not that of an administrative agency to a court of appeals." *Madison Recycling Assocs. v. Comm'r*, 295 F.3d 280, 285–86 (2d Cir.2002) (internal quotation marks omitted).

■ In sum, § 6015, as an independent basis for Tax Court jurisdiction, does not grant the Tax Court jurisdiction over petitions to review agency innocent spouse determinations when they are filed by non-electing spouses.

■ On appeal, Mr. Maier argues that he was deprived of various constitutional rights because the Tax Court could not hear his petition. But Congress has not extended Tax Court jurisdiction over petitions for review from non-electing spouses and "the court of appeals lacks jurisdiction

... to grant relief that is beyond the powers of the Tax Court itself." *McCoy*, 484 U.S. at 6, 108 S.Ct. 217 (construing 26 U.S.C. § 7482(a) & (c)(1)). To the extent that Mr. Maier's petition can be construed as a constitutional challenge to § 6015's scheme, that challenge must be brought in an appropriate district court, not in the Tax Court or the court of appeals. *See id.* Accordingly, we affirm the Tax Court's dismissal of Mr. Maier's petition.

■ As the Tax Court below suggested, *Maier*, 119 T.C. at 276, a legislative remedy may be indicated in this area. Indeed, we even agree with Mr. Maier that there may be a "flaw in the controlling statutory provisions," *id.; see also* Ira B. Shepard & Martin J. McMahon, Jr., *Recent Developments in Federal Income Taxation: The Year 2002*, 6 Fla. Tax Rev. 81, 177 (2003) (suggesting that "a procedural detail slip[ped] through the statutory cracks"), but it is not our judicial role to fix it. *See Bethea v. Robert J. Adams & Assocs.*, 352 F.3d 1125, 1128 (7th Cir.2003) ("[T]he judiciary's job is to enforce the law Congress enacted, not write a different one that judges think superior.").

We have carefully considered all of appellant's other arguments and find them to be without merit.

## III. CONCLUSION

For the foregoing reasons, the Tax Court's dismissal of appellant's petition for review for lack of subject matter jurisdiction is affirmed.