T.C. Summary Opinion 2007-193

UNITED STATES TAX COURT

FRANCINE EDWARDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10467-05S.          Filed November 15, 2007.

Francine Edwards, pro se.

<u>Jamie J. Song</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether: (1) The Court has jurisdiction in this proceeding to review the grant by the Internal Revenue Service (IRS) of innocent spouse relief to petitioner's former spouse; and (2) petitioner's liability should be limited to 50 percent of the deficiency.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Fall River, Massachusetts.

Petitioner and Jacob Edwards (former spouse) filed a joint Federal income tax return for 2001. Petitioner and her former spouse reported $115,297 on line 22, total income. Respondent's third party payer reports, however, showed that petitioner received and failed to report the following items of income: (1) $440 as compensation for services reported on a Form W-2, Wage and Tax Statement; (2) $3,339 in unemployment compensation reported on a Form 1099-G, Certain Government Payments; (3) $12 in interest reported on a Form 1099-INT, Interest Income; and (4) $6,522 in gross distributions from an individual retirement account reported on a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance

Contracts, etc. Respondent initiated an examination based on the third party payer reports.

During the examination, petitioner's former spouse filed a Form 8857, Request for Innocent Spouse Relief, and respondent granted his request pursuant to section 6015(c). The former spouse was relieved from joint and several liability with respect to the deficiency. Thereafter, respondent issued a notice of deficiency to petitioner, determining a $3,784 deficiency. Petitioner has since conceded that she received and failed to report the items of income.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue." See sec. 7491(a)(1). The burden will shift only if the taxpayer has complied with the substantiation requirements and has cooperated with the Commissioner's reasonable requests for witnesses, information, documents, meetings, and interviews. See sec. 7491(a)(2). Petitioner has not alleged or proven that section 7491(a) applies; accordingly, the burden remains on her.

1. Review of the IRS's Decision to Grant Innocent Spouse Relief

Petitioner contends that the IRS erred in granting innocent spouse relief to her former spouse because he knew about the unreported items of income and shared in the proceeds of their tax refund.

The Tax Court is a court of limited jurisdiction and can exercise its jurisdiction only to the extent provided by Congress. Sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also Rules 13(a), 320(b). With respect to innocent spouse relief claims, the Court has three jurisdictional bases for reviewing a claim: (1) As an affirmative defense in a deficiency redetermination proceeding pursuant to section 6213(a); (2) as a stand-alone petition pursuant to section 6015(e) where the Commissioner has issued a final determination denying the electing spouse's claim for relief or the Commissioner has failed to rule on the claim within 6 months of its filing; and (3) in the context of a petition for review of a lien or levy action pursuant to section 6320(c) or 6330(d). See secs. 6015(e), 6213, 6214, 6320(c), 6330(c)(2)(A)(i), (d); Maier v. Commissioner, 119 T.C. 267, 270 (2002), affd. 360 F.3d 361 (2d Cir. 2004); see also Corson v. Commissioner, 114 T.C. 354, 363 (2000); Baumann v. Commissioner, T.C. Memo. 2005-31; Hale Exemption Trust v. Commissioner, T.C. Memo. 2001-89.

With respect to a nonelecting spouse, section 6015 does not provide an independent basis for this Court to exercise its jurisdiction and to review the IRS's decision to grant relief unless there is a deficiency proceeding where the claim is raised as an affirmative defense by the electing spouse pursuant to section 6213(a), the electing spouse has filed a petition with the Court under section 6015(e)(1)(A), or there is a petition for review of a lien or levy action pursuant to section 6320(c) or 6330(d) and the claim for innocent spouse relief is raised as a defense pursuant to section 6330(c)(2)(A)(i).  See Maier v. Commissioner, 360 F.3d at 365; cf. Hale Exemption Trust v. Commissioner, supra; King v. Commissioner, 115 T.C. 118, 125 (2000); Corson v. Commissioner, supra; Baumann v. Commissioner, supra.  This results because section 6015(e)(1) contemplates that the Court have jurisdiction only when the electing spouse has timely filed a petition (and has satisfied certain other requirements).  The nonelecting spouse is only afforded a right to notice and an opportunity to intervene once the electing spouse has initiated a proceeding in this Court.  See sec. 6015(e)(4); see also Rules 13(a), 320(b), 325(a) and (b), 330(b).

Here, the electing spouse did not petition the Court for review under section 6015(e)(1)(A), the petition for review did not arise within the context of a lien or levy action pursuant to section 6320(c) or 6330(d), and the issue was not raised as an

affirmative defense within our traditional deficiency jurisdiction pursuant to section 6213(a). Therefore, the Court lacks jurisdiction to review the IRS's decision to grant innocent spouse relief to petitioner's former spouse.

2. Joint and Several Liability

Petitioner contends that she should not be liable for the full amount of the deficiency. Rather, she argues, her liability should be limited to 50 percent since it was a joint return, her former spouse knew about the unreported items, and he received the benefits of the erroneous joint return (i.e., she alleges that he received half of the $4,114 refund, and had the items been reported correctly, the refund would have been about $330).

In general, section 6013(d)(3) provides that if a joint return is filed, the tax is computed on the individuals' aggregate income, and liability for the resulting tax is joint and several. See also sec. 1.6013-4(b), Income Tax Regs. A fundamental characteristic of joint and several liability is that the IRS, at its option, may proceed against the taxpayers separately and may obtain a separate judgment against each. See Dolan v. Commissioner, 44 T.C. 420 (1965). The decision to assess or not assess tax against one of the spouses who filed a joint return does not prevent the IRS from proceeding against the other. See id.; see also Kroh v. Commissioner, 98 T.C. 383 (1992).

Therefore, the Court has no basis for limiting petitioner's liability to "50 percent" as she requests. This is especially true in the light of the fact that petitioner does not qualify for innocent spouse relief in her own right since she admits to receiving and failing to report the items of income. Petitioner does not qualify for relief under section 6015(b) because she cannot establish that she did not know or had no reason to know that there was an understatement of tax when she signed the return. See sec. 6015(b)(1) and (2). Because the items giving rise to the deficiency were directly allocable to petitioner, section 6015(c) does not provide any avenue for relief. See also sec. 1.6015-3(d)(2)(iii), Income Tax Regs. (stating that erroneous items of income are allocated to the spouse who was the source of the income). Finally, it is not inequitable to hold petitioner liable for the deficiency since she fails one of the threshold conditions for relief; i.e., "The income tax liability from which the requesting spouse seeks relief is attributable to an item of the * * * [other spouse]". Rev. Proc. 2003-61, sec. 4.01(7), 2003-2 C.B. 296, 297; see also id. sec. 4.03(2)(a)(iii)(B), 2003-2 C.B. at 298 (stating that actual knowledge of the item giving rise to the deficiency weighs

strongly against relief).  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.