**Wendell Ray HOLLOWAY, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 07–2255.

United States Court of Appeals, Sixth Circuit.

May 5, 2008.

Before: GUY, SUHRHEINRICH, and GIBBONS, Circuit Judges.

## ORDER

Petitioner, Wendell Holloway, a self-employed attorney proceeding pro se, appeals from a decision of the United States Tax Court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Petitioner was married to Tammy S. Holloway from March 21, 1988, through December 16, 2003. Petitioner and Ms. Holloway filed joint Federal income tax returns for 1999, 2000, and 2001. The joint return reflected amounts owed of $10,896.72 for 1999, $11,127 for 2000, and $11,969 for 2001. The amounts were unpaid, and the taxes shown on the returns were assessed.

In 2004, the Commissioner of the Internal Revenue Service (IRS) determined that Ms. Holloway was entitled to relief under the equitable innocent spouse provision of the Internal Revenue Code, 26 U.S.C. § 6015(f), for the underpayments shown on the joint returns for 1999, 2000, and 2001. According to the Commissioner's records, notices were sent to petitioner before and after the decision to grant relief to Ms. Holloway.

On May 31, 2005, Revenue Officer Sheila Stewart sent to petitioner a Final Notice—Notice of Intent to Levy and Notice of Your Right to a Hearing, listing the amounts that were owed on petitioner's tax liabilities for 1999 through 2004 as totaling $81,287.21. Petitioner requested a collection due process hearing (CDP), pursuant to 26 U.S.C. § 6330, and attached to his request was a document entitled "Notice of Appeal, Challenge and Objection, Request for Production of Documents, Demand for Hearing and Judicial Review, and Counterclaim and Offset and to Dismiss Notice." In that document, petitioner asserted a number of claims, including that the

Revenue Officer had failed to disclose payment plans; that the IRS had erroneously granted innocent spouse relief to Ms. Holloway; that 2003 and 2004 liabilities were not properly the subject of the levy; that petitioner was not liable for penalties and interest; that petitioner had a counterclaim and offset for property taken from him when he was a minor; and numerous vague and unsupported claims of violation of procedural regulations, due process, and equal protection.

A § 6330 hearing was eventually conducted on March 15, 2006, before Settlement Officer Danny L. Williams. There was no tape-recording or transcript of the hearing nor was one requested by petitioner prior to the § 6330 hearing date. On April 13, 2006, the Notice of Determination Concerning Action(s) Under Section 6320 and/or 6330, signed by an Appeals Team Manager, was sent to petitioner. The Notice of Determination set forth petitioner's various claims and accepted only petitioner's contention with respect to 2003 and 2004. The notice analyzed petitioner's financial information and concluded that an offer-in-compromise was not a viable collection alternative because he had more than sufficient equity in his assets to pay his liability in full. The notice stated further that petitioner had been given notice of an opportunity to participate in the action on Ms. Holloway's § 6015 claim, that he had not responded, and that he had admitted receiving the notices but ignored them because contesting them might affect his child custody battle. After discussing each of petitioner's claims, the notice sustained the proposed levy action to collect the liabilities owed for 1999, 2000, and 2001.

Thereafter, petitioner filed a timely petition in the Tax Court for review of the Notice of Determination. In a memorandum opinion filed July 3, 2007, 2007 WL

1932997, the Tax Court entered a decision in favor of the Commissioner. A subsequent motion to vacate or revise the Tax Court's decision was denied. This appeal followed.

When, as here, the validity of the tax liability is not at issue, IRS Appeals Office determinations are reviewed for an abuse of discretion. *See Olsen v. United States,* 414 F.3d 144, 150 (1st Cir.2005). We have held that an administrative agency abuses its discretion where there is no evidence to support its decision, or the agency misapplies the law. *Nat'l Eng'g & Contracting Co. v. OSHA,* 928 F.2d 762, 768 (6th Cir. 1991). Upon review, we conclude that there was no abuse of discretion in this case.

■ Petitioner's primary argument is that the IRS erred in granting innocent spouse relief to his former spouse. The Tax Court was without jurisdiction to consider this argument. Section 6015 does not grant the Tax Court jurisdiction over petitions to review agency innocent spouse determinations when they are filed by non-electing spouses. *See Maier v. Comm'r,* 360 F.3d 361, 365 (2d Cir.2004). In any event, spouses who file joint returns are jointly and severally liable for the entire tax liability, which may be collected from either spouse. *Id.* Petitioner suffers no actual injury from the innocent spouse relief granted to Ms. Holloway since he would be liable for the entire deficiency as a joint filer. *See* 26 U.S.C. § 6013(d)(3). Accordingly, petitioner's argument is without merit.

■ Next, petitioner makes numerous allegations that the IRS failed to follow proper procedures in conducting his CDP hearing. For instance, he claims that he had "an absolute right that was guaranteed by statute" that an Appeals Officer (as opposed to a Settlement Officer) would conduct his CDP hearing. He also asserts that the IRS erred by failing to record the CDP hearing; that the IRS wrongfully refused to enter into a "compromise settlement or payment plan"; and that the Notice of Determination was signed by an appeals team manager who was not present at the hearing and therefore "would not have any way of knowing anything that occurred at the hearing." These allegations are completely without merit. *See, e.g.,* 26 U.S.C. § 6330(b) (CDP hearing to be conducted by an officer or employee of the IRS Office of Appeals); *Living Care Alternatives of Utica, Inc. v. United States,* 411 F.3d 621, 624 (6th Cir.2005) (no requirement that CDP hearings be recorded); *Elmore v. Comm'r,* No. 14374–02L, 2003 WL 1987160, at *3 (T.C. Apr. 29, 2003) (Notice of Determination signed by appeals team manager is valid). Further, the IRS did not abuse its discretion by failing to accept an offer of a collection alternative from petitioner because he did not actually make such an offer. Rather, he merely urged that collection be indefinitely delayed until a wrongful death lawsuit he was handling could be resolved at some uncertain future date. Because the Appeals Office determined, based on information supplied by petitioner, that he owned sufficient assets to satisfy the tax liability at issue, a settlement would not have been appropriate in any case. *See* Rev. Proc. 2003–71, § 4.02(2).

■ Finally, the Tax Court properly declined to address petitioner's claim that certain assets are exempt under 26 U.S.C. § 6334(a)(13)(B). This issue was not raised in the CDP hearing but only in petitioner's reply brief before the Tax Court. The Tax Court's review, as well as our court's review, is strictly confined to only those issues which were originally raised during the CDP hearing. *See* Treas. Reg. § 301.6330–1(f)(2), Q–F3 & A–F3; *Living Care,* 411 F.3d at 625

Accordingly, the Tax Court's decision is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.