Anand v. Comm'r

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Davendra Anand,

      *Petitioner-Appellant,*

      v.                                     20-2408

Commissioner of Internal Revenue,

      *Respondent-Appellee.*

---

| | |
|---|---|
| FOR PETITIONER-APPELLANT: | Davendra Anand, *pro se*, Fort Trumbull, CT. |
| FOR RESPONDENT-APPELLEE: | Francesca Ugolini, Allison K. Turbiville, Attorneys, Tax Division, *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Department of Justice, Washington, DC. |

Appeal from a decision of the United States Tax Court (Goeke, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Tax Court is **AFFIRMED**.

Appellant Davendra Anand, proceeding *pro se*, filed a petition in the Tax Court, seeking an abatement of interest; refunds of taxes and Report of Foreign Bank and Financial Accounts ("FBAR") penalties paid for failing to report rental income from a commercial property in India; and amendment of a treaty between the United States and India (the Double Taxation Abatement Agreement ("DTAA")). The Tax Court dismissed the portion of Anand's petition related to the DTAA and the FBAR penalties, reasoning that it lacked jurisdiction over those issues. It granted partial summary judgment to the Commissioner of the Internal Revenue Service ("IRS") with respect to Anand's challenge to his underlying tax liability because Anand's challenge was precluded by the decision in a prior 2016 Tax Court proceeding. It also granted partial summary judgment to the Commissioner with respect to the denial of an interest abatement, reasoning that Anand was entitled to an abatement only for a certain period where the accrued interest was attributable to an unreasonable delay by the IRS. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the Tax Court's grant of summary judgment *de novo*. *Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003); *Eisenberg v. Comm'r*, 155 F.3d 50, 53 (2d Cir. 1998); 26 U.S.C. § 7482(a)(1) (providing that tax court decisions reviewed in same manner as district court decisions in civil cases tried without a jury). "Summary judgment is properly granted where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Eisenberg*, 155 F.3d at 53.

In general, the IRS may abate interest when the interest is "attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act[.]" 26 U.S.C. § 6404(e)(1)(A). However, any delay that is attributable to the taxpayer is not eligible for abatement. *Id.* § 6404(e)(1). Further, delays must occur in the period between when the IRS first contacts a taxpayer about a deficiency and when interest is assessed. *See Banat v. Comm'r*, T.C. Mem. 2000-141, at * 2 (2000), *aff'd*, 5 Fed. App'x 36 (2d Cir. 2001). The Tax Court reviews the Commissioner's decision to deny an abatement of interest for an abuse of discretion. 26 U.S.C. § 6404(h)(1).

Anand failed to show that the Commissioner abused his discretion by denying an abatement of interest. The Tax Court determined that the only period that Anand could be eligible for an interest abatement was from September 26, 2013, to February 11, 2014, when the IRS stopped working on Anand's case in order to work on his brother's audit. Anand did not offer any evidence that other delays were unreasonable. Anand argued in the Tax Court that delays had been caused by changes in the personnel handling his case. But the first change in personnel, from an agent working as a part of the Offshore Voluntary Disclosure Initiative ("OVDI") to IRS Revenue Agent Karen Vazquez, was caused by Anand when he left the OVDI program. Delays attributable to the taxpayer are not eligible for interest abatements. *See id.* § 6404(e)(1). The other changes in personnel involved a change from Agent Vazquez to Revenue Agent Jennifer Jones—the resultant delay for which the Tax Court had already abated Anand's interest—and the assignment of Appeals Officer Karen Graham. However, Officer Graham was assigned in December 2015, after the IRS assessed Anand's interest in July 2015 and Anand had filed a petition in the Tax Court. Because

3

this was after the interest was assessed, any delay attributable to Officer Graham's assignment is not eligible for abatement. *See Banat*, T.C. Mem. 2000-41, at * 2.

Anand contends that the IRS agents working on his tax case were "confused and in disarray" about the effect of the DTAA and the property's location in India. Appellant's Br. 7. To the extent that Anand argues that the delay in his case was caused by the IRS agents' need to obtain legal advice on these issues, he cannot obtain an abatement for time spent obtaining legal advice. Under Treasury Department regulations, such an act is not considered ministerial or managerial. *See* 26 C.F.R. § 301.6404-2(c) (stating in Example 12 that any delay or error caused by the need to interpret "complex provisions of federal tax law" is not a ministerial or managerial act). Anand also argues that Appeals Officer Graham intentionally misled him and told him he would not accrue interest in order to convince him to settle. But this argument is clearly contradicted by the text of the 2016 Tax Court decision, which stated that the parties stipulated that Anand would be subject to interest on his unpaid deficiencies.

The Tax Court also properly granted summary judgment to the Commissioner with respect to the underlying tax liability. The doctrine of *res judicata* (claim preclusion) prevents parties from relitigating issues that were, or could have been, decided on the merits in a previous action. *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). "To determine whether the doctrine of res judicata bars a subsequent action, [this Court] consider[s] whether 1) the prior decision was a final judgment on the merits, 2) the litigants [or their privies] were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Id.* (internal quotation marks and citation omitted). The Supreme Court has held that Tax Court decisions based on an agreement of the parties "are *res judicata* of the tax claims for the years" at

4

issue in the Tax Court decision. *United States v. Int'l Bldg. Co.*, 345 U.S. 502, 505–06 (1953). Anand entered into a settlement agreement with the Commissioner regarding his tax liability for tax years 2004 to 2011 and the Tax Court entered a decision based on their stipulation. Therefore, the Tax Court decision concerning Anand's tax liabilities for tax years 2004 to 2011 has preclusive effect. Anand could not relitigate those tax liabilities in his second Tax Court proceeding, much less in this appeal.

Finally, we cannot address any of Anand's claims concerning amendment of the DTAA or his FBAR penalties because we lack jurisdiction "to grant relief that is beyond the powers of the Tax Court itself." *Maier v. Comm'r*, 360 F.3d 361, 363 (2d Cir. 2004) (internal quotation marks and citation omitted). "[T]he Tax Court is a court of limited jurisdiction that possesses only those powers expressly conferred upon it by Congress; it may exercise jurisdiction only pursuant to specific legislative enactments." *Id.* The Tax Court lacked jurisdiction to alter the DTAA. Anand points to no statutory provision permitting the Tax Court, or this Court, to alter treaties. Further, the Tax Court does not have jurisdiction over FBAR penalties because they are not considered tax deficiencies. *See Williams v. Comm'r*, 131 T.C. 54, 56–59 (2008). Therefore, we lack jurisdiction over these issues.

We have reviewed the remainder of Anand's arguments and find them to be without merit. For the foregoing reasons, the decision of the Tax Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5