20-2694-ag
*Seeley v. Comm'r of Internal Revenue*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
JOSÉ A. CABRANES,
MICHAEL H. PARK,
*Circuit Judges.*

JAMES A. SEELEY,

        *Petitioner-Appellant,*        20-2694-ag

        v.

COMMISSIONER OF INTERNAL REVENUE,

        *Respondent-Appellee.*

FOR PETITIONER-APPELLANT:        JAMES A. SEELEY, *pro se*, Texarkana, TX.

FOR RESPONDENT-APPELLEE:        BETHANY B. HAUSER, BRUCE R. ELLISEN, *for* David A. Hubbert, Acting Assistant Attorney General, Tax Division, United States Department of Justice, Washington, D.C.

Appeal from a February 3, 2020 order of the United States Tax Court (Maurice B. Foley, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 3, 2020 order of the Tax Court is **AFFIRMED**.

Petitioner-Appellant James Seeley, proceeding *pro se*, appeals from the Tax Court's February 3, 2020 order dismissing his case for lack of jurisdiction. On October 15, 2019, Seeley filed an amended petition in the Tax Court disputing a notice of deficiency for the year 2010, but also stating that he had never received a notice of deficiency. The Commissioner moved to dismiss on the ground that the IRS had no record of issuing Seeley a notice of deficiency for 2010 or any other notice that would confer jurisdiction on the Tax Court. Seeley opposed the motion to dismiss but did not dispute that he was never issued a notice of deficiency; nor did he argue that there was any other basis for the Tax Court's jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* "[t]he Tax Court's interpretation of federal statutes, including statutes delimiting the scope of its own jurisdiction."[1] The Tax Court is "a court of limited jurisdiction that possesses only those powers expressly conferred upon it by Congress[.]"[2] The IRS must "follow statutorily prescribed deficiency procedures to recover unpaid tax,"[3] including the issuance of a notice of deficiency as described in 26 U.S.C. § 6212, and, pursuant to § 6213, this notice of deficiency is "the jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of his tax liability."[4] Where, as here, the IRS has failed to issue a notice of deficiency to the taxpayer before recovering unpaid income taxes the Tax Court lacks jurisdiction to review the deficiency determination.[5]

Seeley argues that the Tax Court had jurisdiction over his case under 26 U.S.C. § 6330(c)(2)(B) and (f)(2), and because it "has jurisdiction to hear cases for tax deficiencies."[6] Section 6330 provides that, before the IRS levies a person's property, the person must be given notice and

---

[1] *Maier v. Comm'r*, 360 F.3d 361, 363 (2d Cir. 2004).

[2] *Id.*

[3] *Chai v. Comm'r*, 851 F.3d 190, 195 (2d Cir. 2017).

[4] *Moretti v. Comm'r*, 77 F.3d 637, 642 (2d Cir. 1996) (internal quotation marks omitted).

[5] *Id.*; *see also* 26 U.S.C. § 6213(a) (allowing appeal to the Tax Court "after the notice of deficiency . . . is mailed").

[6] Appellant's Br. at 5-7. We construe Seeley's citation to "26 U.S.C. § 6230(f)(2)" as a citation to 26 U.S.C. § 6330(f)(2) because there is no § 6230 in either the Code of Federal Regulations or the U.S. Code, and 26 U.S.C. § 6330(f)(2) discusses IRS levies on state tax refunds, which is one aspect of Seeley's dispute with the IRS.

an opportunity for a hearing at the IRS Independent Office of Appeals, and that a determination by that office may be appealed to the Tax Court.[7] It also states that a person who "did not receive any statutory notice of deficiency" may challenge a tax liability imposed without such notice at a hearing before the Office of Appeals,[8] and that if the IRS has levied a state tax refund to collect a federal tax liability, "the taxpayer shall be given the opportunity" for a hearing before the Office of Appeals.[9] The provisions Seeley cites are unavailing because they only confirm that the Office of Appeals—and not the Tax Court—has jurisdiction to review Seeley's claim.

Seeley also asserts that the IRS did issue a notice of deficiency, even though he did not receive one. However, the record contains no evidence that the IRS ever issued such a notice and the Commissioner determined, based on a diligent review of IRS records, that no "notice of deficiency" within the meaning of 26 U.S.C. § 6212 was ever issued to Seeley for tax year 2010. Accordingly, the Tax Court correctly dismissed Seeley's case for lack of jurisdiction.[10]

## CONCLUSION

We have considered all Seeley's arguments and find them to be without merit. Accordingly, we **AFFIRM** the February 3, 2020 order of the Tax Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[7] 26 U.S.C. § 6330(a)(1), (b)(1), (d)(1).

[8] *Id.* at § 6330 (c)(2)(B).

[9] *Id.* at § 6330(f).

[10] Because we "lack[] jurisdiction to decide an issue that was not the subject of the Tax Court proceeding," we express no opinion on the merits of Seeley's assertions regarding his 2010 income tax liability. *Maier*, 360 F.3d at 363 (internal quotation marks omitted).

3